# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GUILLERMO HERNANDEZ ZARAGOZA
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

CAFE EUROPA, LLC
d/b/a PANACHE
d/b/a LE DESALES
1725 DeSales Street NW
Washington, DC 20036

ABDUL SAFI
a/k/a AZIZ SAFI
11520 Brockman Lane
Great Falls, VA 22066

    Defendants.

Civil Action No. _____

## **COMPLAINT**

1.     Plaintiff worked as a cook in Defendants' restaurant. Defendants paid Plaintiff his regular hourly rate across all hours worked, including overtime hours.

2.     Plaintiff brings this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-131.01 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff Guillermo Hernandez Zaragoza is an adult resident of the District of Columbia.

6. Defendant Cafe Europa, LLC is a District of Columbia corporate entity. Cafe Europa, LLC did business as Panache. Currently, Café Europa, LLC does business as Le DeSales. At all relevant times, Cafe Europa, LLC's principal place of business was located at 1725 DeSales Street NW, Washington, DC 20036. Cafe Europa, LLC's resident agent for service of process is Abdul Aziz Safi, 1725 DeSales Street NW, Washington, DC 20036.

7. Defendant Abdul Safi is an adult resident of Virginia. He is also known as Aziz Safi. He resides at: 11520 Brockman Lane, Great Falls, VA 22066. He is an owner and officer of Defendant Cafe Europa, LLC. He exercises control over the operations of Cafe Europa, LLC — including its pay practices.

## Factual Allegations Specific to Plaintiff Hernandez Zaragoza

8. Plaintiff Hernandez Zaragoza worked for Defendants from approximately 2005 through approximately August 28, 2016,

9. Plaintiff Hernandez Zaragoza worked at Panache, a restaurant located at 1725 DeSales Street NW, Washington, DC 20036.

10. Plaintiff Hernandez Zaragoza worked at Panache as a kitchen hand.

11. Plaintiff Hernandez Zaragoza's job duties at Panache primarily consisted of washing dishes, cutting vegetables and meats, preparing meals, and cleaning the kitchen.

12. Plaintiff Hernandez Zaragoza typically and customarily worked 6 days per week.

13. Plaintiff Hernandez Zaragoza typically and customarily worked the following schedule:

|  | **Start Time** | **End Time** | **Break Time** | **Hours Worked** |
| --- | --- | --- | --- | --- |
| Monday | 9:00 a.m. | 11:00 p.m. | .5 hours | 13.5 hours |
| Tuesday | 9:00 a.m. | 11:00 p.m. | .5 hours | 13.5 hours |
| Wednesday | 9:00 a.m. | 11:00 p.m. | .5 hours | 13.5 hours |
| Thursday | 9:00 a.m. | 11:00 p.m. | .5 hours | 13.5 hours |
| Friday | 9:00 a.m. | 12:00 a.m. | .5 hours | 14.5 hours |
| Saturday | 2:00 p.m. | 12:00 a.m. | No Break | 10.0 hours |
| Sunday | Off | | | |
|  |  |  |  | **78.5 hours total** |

14. Plaintiff Hernandez Zaragoza typically and customarily worked 78.5 hours per week.

15. Defendants paid Plaintiff Hernandez Zaragoza by the hour.

16. Defendants paid Plaintiff Hernandez Zaragoza the following hourly rates:

| **Approximate Dates** | **Hourly Rates** |
| --- | --- |
| March 31, 2014 – May 1, 2016 | $13.00 |
| May 2, 2016 – August 28, 2016 | $13.50 |

17. Defendants paid Plaintiff Hernandez Zaragoza with two checks: a payroll check with a paystub, and a business check without a paystub.

18. At all relevant times, Panache was typically open to customers during the following hours:

|  | **Start Time** | **End Time** |
| --- | --- | --- |
| Monday | 11:30 a.m. | 10:00 p.m. |
| Tuesday | 11:30 a.m. | 10:00 p.m. |
| Wednesday | 11:30 a.m. | 10:00 p.m. |
| Thursday | 11:30 a.m. | 10:00 p.m. |
| Friday | 11:30 a.m. | 11:00 a.m. |
| Saturday | 5:00 p.m. | 12:00 a.m. |
| Sunday | Closed | |

19. Plaintiff Hernandez Zaragoza typically began to prepare food before the restaurant opened to customers.

20. Plaintiff Hernandez Zaragoza typically cleaned the kitchen after the restaurant closed to customers.

21. Defendants paid Plaintiff Hernandez Zaragoza the same regular hourly rate across all hours worked, including when he worked more than 40 hours a week.

22. Defendants did not pay Plaintiff Hernandez Zaragoza overtime wages — or one and one-half times Plaintiff Hernandez Zaragoza's regular hourly rate for hours worked in excess of 40 in a workweek.

23. For Plaintiff Hernandez Zaragoza's work in the three years preceding the filing of this Complaint, Defendants owe Plaintiff Hernandez Zaragoza approximately $31,695.13 in overtime wages.

24. Moreover, Defendants never provided Plaintiff Hernandez Zaragoza with paid leave as required by the ASSLA. D.C. Code § 32-131.02.

25. Plaintiff Hernandez Zaragoza lost wages in 2015 and 2016 because he was sick.

26. For Defendants' failure to provide paid leave, Defendants owe Plaintiff Hernandez Zaragoza approximately $1,060.00 in lost wages and compensatory damages.

27. Plaintiff Hernandez Zaragoza was entitled to 5 days of paid leave in 2015 and 5 days in 2016.

28. Defendants owe Plaintiff Hernandez Zaragoza $5,000.00 in "additional damages" for the 10 days of leave denied, regardless of whether Plaintiff Hernandez Zaragoza took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

29. At all relevant times, Defendants had the power to hire and fire Plaintiff.

30. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

31. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

32. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

33. Defendant Safi conducted weekly inspections of Panache.

34. Defendant Safi supervised Panache's kitchen and favorably critiqued Plaintiff's work.

35. Defendant Safi reviewed and maintained Panache's payroll records.

36. Defendant Safi personally authorized the increase of Plaintiff's hourly rate from $13.00 to $13.50.

37. Defendant Safi and the restaurant's general manager, Giselle Wlasiuk, signed Plaintiff's paychecks.

38. Defendant Safi authorized the practice of paying Plaintiff with two checks.

39. Defendant Safi authorized the payment of Plaintiff's regular hourly rate across all hours worked.

40. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

41. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

42. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

43. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

44. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

45. At all relevant times, Defendants had more than 25 employees.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

46. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

47. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

48. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

49. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

50. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

51. Defendants' violations of the FLSA were willful.

52. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY WAGES UNDER THE DCWPCL

53. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

54. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

55. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

56. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

57. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

58. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including overtime wages.

59. Defendants' violations of the DCWPCL were willful.

60. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## **COUNT III**
## **FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA**

61. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

62. Each defendant was an "employer" of Plaintiff within the meaning of the ASSLA. D.C. Code § 32-131.01.

63. The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

64. Defendants violated the ASSLA by not providing Plaintiff the required paid leave.

65. For Defendants' violations of the ASSLA, Defendants owe Plaintiff $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

66. For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, punitive damages, Plaintiff's court costs, reasonable attorney's fees and expenses, and any other relief deemed appropriate by the Court. D.C. Code § 32-131.12(e).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$136,348.02**, and grant the following relief:

a. Award Plaintiff $126,780.52, consisting of the following overlapping elements:

  i. unpaid federal overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

  ii. unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff $6,060.00, consisting of the following:

   i.  $1,060.00 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.02(e);

   ii.  $5,000.00 in additional damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.12(b);

 c. Award Plaintiff pre-judgment and post-judgment interest as permitted by law.

 d. Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $9,167.50);

 e. Award Plaintiff court costs (currently, $400.00); and

 f. Award any additional relief the Court deems just.

Date: March 31, 2017        Respectfully submitted,

                /s/ Justin Zelikovitz, Esq.
                Justin Zelikovitz, #986001
                DCWAGELAW
                519 H Street NW
                Washington, DC 20001
                Phone: (202) 803-6083
                Fax: (202) 683-6102
                justin@dcwagelaw.com

                *Counsel for Plaintiff*

## JURY DEMAND

 Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

                /s/ Justin Zelikovitz, Esq.